**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stax Building & Development, LLC, Appellant,

v.

HHI Yacht Club Ventures, LLC, Respondent.

Appellate Case No. 2024-001127

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-361
Submitted June 1, 2026 – Filed July 8, 2026

———————

**AFFIRMED**

———————

Mike W. Mogil, of Law Ofc. of Michael W. Mogil, P.A., of Hilton Head Island, for Appellant.

Jason Wayne Ward, of Going Ward LLC, of Bluffton, for Respondent.

———————

**PER CURIAM:** Stax Building & Development, LLC (Stax) appeals the master-in-equity's order granting HHI Yacht Club Ventures, LLC's (HHI's) motion to dismiss Stax's mechanic's lien for failing to include its contractor license number. On appeal, Stax argues the master erred in dismissing its mechanic's lien and not permitting its amendment. We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err in granting HHI's motion and dismissing Stax's mechanic's lien. *See Cohen's Drywall Co. v. Sea Spray Homes, LLC*, 374 S.C. 195, 198, 648 S.E.2d 598, 599 (2007) ("The foreclosure of a mechanics' lien is an action at law."); *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and this [c]ourt reviews questions of law de novo."). Stax acknowledges it was required to include its contractor license number on the face of its mechanic's lien at filing pursuant to section 29-5-15(A) of the South Carolina Code (Supp. 2025) and that it failed to do so until its third amended lien, which was filed over six months after it last performed work on the subject property or supplied materials. *See* § 29-5-15(A) ("To file a mechanics' lien, a contractor *must* provide the county clerk of court or register of deeds proof that he is licensed or registered if he is required by law to be licensed or registered. As proof of licensure or registration, the contractor *must* record his contractor license number or registration number on the lien document *when the lien document is filed*." (emphases added)); S.C. Code Ann. § 40-11-30 (Supp. 2025) ("No entity . . . may practice as a contractor by performing or offering to perform contracting work for which the total cost of construction is greater than ten thousand dollars for general contracting or greater than ten thousand dollars for mechanical contracting without a license issued in accordance with this chapter."). Although Stax argues section 29-5-15(A) does not explicitly state that the lien must be dismissed for the failure to follow the statutory requirements, the unambiguous language of the statute sets forth the inclusion of the license number as something that "must" be included when the lien is filed within ninety days of performing work, and lien statutory requirements are to be strictly followed. *See* S.C. Code Ann. § 29-5-90 (2007) (providing that a mechanic's lien will be dissolved unless "within ninety days after he ceases to labor on or furnish labor or materials for such building," a person seeking to enforce a mechanic's lien "serves upon the owner . . . a statement of a just and true account of the amount due him"); *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 129, 631 S.E.2d 252, 256-57 (2006) ("[T]he certificate of lien must be filed within ninety days . . . ."); *id.* at 130, 631 S.E.2d at 257 ("A mechanic's lien is purely statutory. Therefore, the requirements of the statute must be strictly followed."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.